IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

IN RE:                           *
                                 *
Bruce L. Pitt                    *   Case No. 16-10659-WIL
                                 *   Chapter 11
    Debtor                       *
                                 *
*   *   *   *   *   *   *   *   *   *   *   *   *

### APPLICATION FOR DEBTOR'S ATTORNEY'S COMPENSATION

Marc R. Kivitz, attorney for Bruce L. Pitt, debtor and debtor-in-possession, makes this application pursuant to 11 U.S.C. §§ 328(a), (c), and 330(a) for an allowance of interim compensation for professional services rendered and for reimbursement of actual and necessary out-of-pocket costs and expenses incurred in the administration of the estate of the debtor and debtor-in-possession for the period from January 18, 2016, through August 26, 2016, and respectfully represents that:

### SUMMARY STATEMENT OF APPLICATION

I.   Period covered by Application: 01/18/16 - 08/26/16
II.  Application information:
       1.   Applicant:           Marc R. Kivitz, Esquire
       2.   Hourly Rate:         $375.00 per hour
                                 Paralegal: $200.00 per hour
       3.   Years of Experience: 38 years
III. General category of services rendered: Legal
IV.  Total hours expended:                       87.60
V.   "LODESTAR" Analysis:                        $30,995.00
VI.  "BILLING JUDGMENT" Reduction:      - $ 1,995.00 See, Section VI below
     Initial Lodestar:                           $29,000.00
     Retainers received:                - $ 9,500.00
     Net Compensation requested:                 $19,500.00
VII. Total net compensation Approval
          Requested:                             $19,500.00
VIII. Total Expenses:                            $    58.92
IX.  Prior Fees:                                 None
X.   Sharing Arrangement:                        None
*   *   *   *   *   *   *   *   *   *   *   *   *

**I.   PERIOD COVERED BY THIS APPLICATION:**

1. The above-referenced case was commenced by the filing of a Voluntary Petition by the debtor pursuant to Chapter 11 of the Bankruptcy Code on January 20, 2016.

2. By Order dated February 11, 2016, and entered on February 12, 2016 (Docket No. 27), the Court approved an application for the employment of the undersigned attorney as counsel for the debtor under a general retainer, with compensation for professional services to

1

be determined upon work performed, hours spent, and results obtained. All services for which compensation is requested by counsel were performed for and on behalf of the debtor, and not on behalf of any committee, creditor, or other person, and were in direct response to the needs of the debtor and beneficial to the interests of secured and unsecured creditors.

3. This application seeks compensation for legal services rendered and reimbursement of expenses for the more than seven-month period from January 18, 2016, through August 26, 2016.

## II. APPLICANT INFORMATION:

4. Your applicant is Marc R. Kivitz, counsel for the debtor, along with his staff including his paralegal. During the period covered by this application, the normal hourly billing rate charged by your applicant for professional services was $375.00 for attorney services and $200.00 for paralegal services. Your applicant has more than 38 years of experience in handling the legal matters of the type disclosed in the application.

## III.   GENERAL CATEGORY OF SERVICES RENDERED:

5. The principal matters on which your applicant has rendered professional services and incurred out-of-pocket expenses for the estate are:

**Overview of Case:** Bruce L. Pitt is married with six children between 12 and 30 years of age, and moved from Spotsylvania, VA to build a new home in Broomes Island, MD, closer to Mr. Pitt's work. The home construction was delayed due to architectural errors and was not completed until December 2006, just as the real estate market collapsed, saddling the Pitt family with two homes. During this same period, IRS budgets were reduced significantly and income to his company, Vinculum Solutions, Inc., which managed the nationwide systems development staff of the IRS, also dramatically decreased. These constraints on managing family finances caused defaults in the payment of secured obligations, which, in turn, led to the foreclosure sale scheduled immediately prior to the commencement of this Chapter 11 case on January 20, 2016, to protect the family's assets.

    a. **General Administrative Responsibilities**.
        1. **Schedules and Documents**. Less than two days prior to the mortgage foreclosure sale of Mr. Pitt's residence, counsel met with him on an emergency basis to prepare the necessary petition and schedules to enjoin that sale and to notify the Circuit Court of Maryland for Calvert County. Counsel assisted the debtor in the preparation of the statement of financial affairs; schedules of his assets and his valuations, and reviewed the Maryland Land Records and examined the Maryland Judiciary Case Service records obtaining recorded deeds, deeds of trust, and other lien documents regarding the debtor's Maryland residence and adjacent property and his Virginia investment real estate and adjacent property. Counsel reviewed documents necessary to the preparation of the debtor's liabilities, including secured, priority, and unsecured debts; and for the preparation of the schedules of executory contracts and unexpired leases. Counsel examined documents regarding the debtor's present income and tax documents necessary to comply with requirements of the Bankruptcy Code.

      2. **Monthly Reports**.  Counsel reviewed the debtor's monthly reports of income and expenses required by the Office of the U.S. Trustee.  These were electronically scanned and filed with the Court.  These tasks were essential to the determination of disposable income necessary to formulate a plan of reorganization and equally as important for the determination of funds availability for the calculation of repayment and restructuring proposals.

Total time expended on these tasks marked as "A" on the attached time records were 14.65 hours for counsel and 4.65 hours for counsel's paralegals, with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 14.65 hours at | $375.00 per hour: | $ 5,493.75 |
| Tanya C. Pajardo | 4.65 hours at | $200.00 per hour: | $   930.00 |

      b,  **Consultation regarding Chapter 11**.  Counsel met, spoke, and communicated with Mr. Pitt on many occasions regarding the requirements of, and responsibilities imposed by, a Chapter 11 case.  Counsel consulted with the debtor regarding the reporting requirements, tax considerations, expenditure restrictions, budgeting, historical data, necessary disclosure statement information, and plan confirmation requirements.  Counsel's services involved an analysis of the debtor's assets and liabilities and the best approach for the restructuring of his secured obligations, for the stripping of consensual and adversarial liens on his residential and his investment properties, for the repayment of priority and other obligations including secured arrearages, and for the discharge of unsecured debts which might be beyond the debtor's best efforts to repay.  Counsel reviewed the debtor's income and monthly living expenses, as well as his rental income and the carrying costs for his investment property and discussed with the debtor the possibilities of loan modification and the restructuring and reduction of monthly payments on secured obligations which a Chapter 11 plan of reorganization could provide.

Total time expended on these tasks marked as "B" on the attached time records were 4.10 hours for counsel and 0.00 hours for counsel's paralegals, with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 4.10 hours at | $375.00 per hour: | $ 1,537.50 |
| Tanya C. Pajardo | 0.00 hours at | $200.00 per hour: | $      0.00 |

      c. **IDI and 341 Meeting**.  Counsel consulted with the debtor regarding the Initial Debtor Interview ("IDI") conducted by the Office of the United States Trustee which counsel attended by telephone to reduce costs.  Counsel reviewed tax and financial documents provided to the U.S. Trustee.  Counsel attended a meeting of creditors and responded to inquiries by the U.S. Trustee and provided documents and explanations in response to requests. Counsel reviewed and provided copies of federal and State personal tax returns and corporate tax returns, and documents evidencing insurance coverage on the debtor's assets.

Total time expended on these tasks marked as "C" on the attached time records were 7.50 hours for counsel and 5.50 hours for counsel's paralegals, with the following fees incurred:

3

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 7.50 hours at | $375.00 per hour: | $ 2,812.50 |
| Tanya C. Pajardo | 5.50 hours at | $200.00 per hour: | $ 1,100.00 |

  d. **Claims**.  Counsel reviewed the secured proof of claim filed by Citimortgage, Inc.  Counsel reviewed the two secured proofs of claim filed by Community Bank of the Chesapeake.  Counsel reviewed the secured proof of claim filed by Wells Fargo Bank, N.A.  Counsel reviewed the secured proof of claim filed by Citibank, N.A.  Counsel reviewed the secured proof of claim filed by DiTech Financial LLC.  Counsel reviewed the initial and the amended proofs of claim filed by the Internal Revenue Service, the latter of which reflected no debt due.  These services were necessary to the determination of alleged arrearages to be repaid, to the determination of the extent of alleged secured interests based upon creditors' valuation of their collateral, and regarding the initially-agreed repayment terms of these debts.

Total time expended on these tasks marked as "D" on the attached time records were 3.40 hours for counsel and 0.00 hours for counsel's paralegals, with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 3.40 hours at | $375.00 per hour: | $ 1,275.00 |
| Tanya C. Pajardo | 0.00 hours at | $200.00 per hour: | $     0.00 |

  e. **Disclosure Statement and Agenda for Chapter 11 case and Extension of Time to File Disclosure and Plan.**  Counsel reviewed the debtor's assets and their values and supporting documentation regarding real property and personal property.  Counsel reviewed the debtor's personal and business obligations and those to which entitlement to priority might pertain.  Counsel examined the debtor's monthly reports of income and expenses to determine the ability with which his obligations could be repaid.  Counsel prepared and revised drafts of a proposed Disclosure Statement, but completion was dependent upon the securing of alternative employment and the determination of gross and net monthly income. The preparation of the draft Disclosure Statement required a detailed examination of the value of real property assets, the rental income generated by investment property, the expenses and carrying charges associated with each rental property, the determination of the extent to which any security interest or judicial lien could be reduced or avoided. These services were necessary to the pursuit of the formulation of a plan of reorganization and to the debtor's obtaining a discharge of his debts.  Counsel prepared and circulated an Agenda and attended a status conference and the debtor was accorded until October 1, 2016, within which to file his Disclosure Statement and proposed Plan.

Total time expended on these tasks marked as "E" on the attached time records were 27.45 hours for counsel and 0.45 hours for counsel's paralegals with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 27.45 hours at | $375.00 per hour: | $10,293.75 |
| Tanya C. Pajardo | 0.45 hours at | $200.00 per hour: | $    90.00 |

  f. **Plan of Reorganization**.  Counsel reviewed the assets and liabilities of the debtor,

4

reviewed and summarized his monthly reports, analyzed the equity in the debtor's assets, examined the proofs of claim filed, researched the secured status of claims, and prepared a draft plan of reorganization on behalf of the debtor which categorizes and proposes the repayment of administrative obligations, security deposits of tenants, priority tax obligations; restructures the terms and treatment of security interests and judicial liens and proposes a repayment to unsecured creditors which the debtor believes will exceed that which would be obtained at the liquidation of the debtor's assets.  Counsel's initial preparation of the plan contained alternative proposals for the treatment of secured claims which proposals were modified as discussions continued with the debtor regarding his income and expenses.

Total time expended on these tasks marked as "F" on the attached time records were 13.60 hours for counsel and 0.00 hours for counsel's paralegals with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 13.60 hours at | $375.00 per hour: | $ 5,100.00 |
| Tanya C. Pajardo | 0.00 hours at | $200.00 per hour: | $      0.00 |

    g. **DiTech Financial LLC Motion for Relief from Automatic Stay**.   Counsel reviewed a motion for relief from the automatic stay filed by DiTech Financial LLC regarding the debtor's Virginia investment real property. Counsel prepared and filed an answer opposing the requested relief.  Counsel reviewed the documents appended to the motion for relief and determined that no document evidenced the assignment of the deed of trust lien by Guaranty Federal Bank, F.S.B., nor any document to support the alleged assignment to Citimortgage, Inc., successor by merger First Nationwide Mortgage Corporation from  which DiTech Financial LLC alleged to have acquired the lien rights.  Counsel consulted with the debtor regarding the determination of alleged arrearages and with respect to the debtor's payment of the sum necessary to bring current, both pre- and post-petition, the secured obligation.  Upon the debtor's tender of funds bringing current the secured obligation, counsel prepared and filed a motion to dismiss the motion for relief.

Total time expended on these tasks marked as "G" on the attached time records were 6.30 hours for counsel and 0.00 hours for counsel's paralegals, with the following fees incurred:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 6.30 hours at | $375.00 per hour: | $ 2,362.50 |
| Tanya C. Pajardo | 0.00 hours at | $200.00 per hour: | $      0.00 |

### IV. TOTAL HOURS EXPENDED: 87.60

### V. "LODESTAR" ANALYSIS:

  a)  **Determination of "Lodestar":**  From the foregoing application, counsel avers that his actions and the requested compensation comport with the "lodestar" factors and principles of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1975), expressly adopted by the Fourth Circuit in *Anderson v. Morris*, 658 F.2d 246, 249 (1981), and expressly made applicable to bankruptcy cases in *Harman v. Levin*, 772 F.2d 1150 (4th Cir.

1985), and applied in this district in *In re Morgan*, 48 B.R. 148 (Bankr. D. Md. 1985) (Mannes, C.J.).

In applying the "lodestar" factors, the court should, first, determine the nature and extent of the services; second, determine the customary hourly rate; and third, multiply the number of hours reasonably expended by the customary hourly rate. *EEOC v. Service News Company*, 898 F.2d 958 (4th Cir. 1990); *In re Leonard Jed*, 118 B.R. 339, 345 (Bankr. D. Md. 1990). Finally, the compensation awarded may be adjusted by the remaining factors. *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Fees may be adjusted upward if the results are exceptional in light of the hourly rates charged. *Blum v. Stenson*, 465 U.S. 886 (1984). *See generally, Pennsylvania v. Delaware Valley Citizen's Council*, 478 U.S. 546 (1986); *Hansley v. Eckerhart*, 461 U.S. 424 (1983).

Your applicant for the period from January 18, 2016 through August 26, 2016 -- the more than seven-month period covered by this application, expended 87.60 hours providing legal services to the debtor and his estate at the customary hourly rate of $375.00 per hour for attorney services and $200.00 per hour for paralegal services. Your applicant avers the initial "Lodestar" for purposes of this application is $30,995.00 as shown below:

|  | Hours | Rate | Total |
|---|---|---|---|
| Marc R. Kivitz | 77.00 hours at | $375.00 per hour: | $28,875.00 |
| Tanya C. Pajardo | 10.60 hours at | $200.00 per hour: | $ 2,120.00 |
|  | 87.60 |  | $30,995.00 |

Accordingly, the lodestar amount of compensation of $30,995.00. Retainers received and deposited to escrow as disclosed to the Court pursuant to Bankruptcy Rule 2016(b) total $9,500.00. The net amount of compensation for which approval is requested is thus $21,495.00 ($30,995.00 - $9,500.00 = $21,495.00) which through billing judgment has been voluntarily reduced to $19,500.00.

b) **Novelty, complexity, importance, and difficulty of the questions, issues, problems, and tasks:** This case at its outset presented counsel with necessity for an emergency filing to enjoin the foreclosure of the debtor's residence real property scheduled for the day following the commencement of the case. The case posed the difficult circumstance of the debtor's then Social Security and pension income being insufficient to generate disposable income and the necessity for maintaining the integrity of the case for a time sufficient for the debtor to obtain alternative employment to enable a determination if sufficient disposable income was present from which to formulate a plan of reorganization.

c) **Necessity of services rendered to the administration of the case:** The services described in this application were absolutely necessary to the preservation of the debtor's assets and the opportunity to pay his secured, priority, and unsecured creditors, through the formulation of a disclosure statement and plan of reorganization, and to the discharge of the debtor's obligations upon consummation of a plan.

d) **Skill required:** Counsel for the debtor has practiced almost exclusively before this

6

court for more than 38 years and has specialized his practice of law in the fields of bankruptcy and reorganization, and is respected in the legal community. The questions, issues, problems, and tasks presented in this case required the degree of skill commensurate with counsel's experience, skill, and expertise.

e) **Benefits of services rendered to the completion of the case:** The benefits derived from counsel's services are explained in detail above and have enabled the maintenance of the case to allow the debtor the opportunity to obtain alternative employment and additional income to provide the opportunity to formulate a plan of repayment which could address the reduction of interest rates, and the reduction of the principal balances, as well as the discharge of unsecured debt upon the completion of a plan.

f) **Preclusion of other employment**: Counsel was not precluded from accepting other employment by representing the debtor in this case, however, debtor's counsel's services were at times required on a daily basis and on several occasions required the dedication of considerable time and effort as indicated by the time records attached to this application. Counsel's services in this case necessarily required that counsel divert his attentions from other matters and away from other pursuits on behalf of other clients.

g) **Customary fees:** The rates charged by your applicant were the normal charges for work performed regarding those matters referenced in the attached time records and are commensurate with those charged for non-bankruptcy clients and other bankruptcy clients.

h) **Whether the fee is fixed or contingent:** Counsel's compensation in this case is contingent upon the debtor's successful post-petition earning of income, the successful negotiation of secured loan modification agreements, and the payment of his obligations under a Chapter 11 plan of reorganization, the income for which may be generated in part by the reduction of secured payment obligations. Counsel expected to be compensated for his services in representing the debtor in this case and anticipated that the unpaid balance of counsel's compensation would be paid from estate assets and that such payment would require an extended period of time. Given the debtor's budget at the outset of the case where expenses significantly exceeded income, in the absence of successful reorganization, counsel was aware that his compensation was tenuous. A substantial risk of nonpayment has been present throughout this case where extensive services were required and where assets are encumbered by claims of secured creditors, and market and financial risks may affect the debtor's future income. Despite these risks, counsel rendered necessary and beneficial services to the debtor and to his estate from which creditors may receive a distribution.

i) **Time limitations imposed by the client or the circumstances:** Time constraints were imposed upon the debtor's counsel primarily from the need for an emergency preparation and filing of the debtor's petition to enjoin a scheduled foreclosure sale the potential for a deficiency balance from which threatened the debtor's other assets, and for the negotiation of reductions in secured creditor payment obligations essential to the formulation and preparation of a plan of reorganization.

j) **Amount involved and results obtained:**  This case involves four (4) parcels of residential and investment real properties having a scheduled value of over $1.43 million dollars; personal property assets of more than $430,000; secured creditors holding claims of approximately $1.9 million; scheduled priority debts of approximately $2,000; and scheduled unsecured creditors holding claims of approximately $44,000.  Payment under any plan of reorganization will require the modification of secured claims and an extended period of years.

k) **Undesirability of the case in the legal community:**  Representation of a debtor-in-possession is not undesirable, however, the contingent nature of compensation, the time constraints, and the substantial risk of nonpayment do make representation of a debtor in such cases as this one to some degree undesirable.  Counsel agreed to represent the debtor under a general retainer and recognized that compensation would require an extended period of time, an additional aspect which renders this case undesirable.

l) **Professional relationship with the client:**  Counsel commenced his representation of this client in January, 2016, immediately prior to the date of the filing of this Chapter 11 case and had no prior relationship with the debtor.

m) **Awards in similar cases:**  Counsel believes that the compensation requested in this matter is less than that which might have been charged by other law firms rendering comparable legal services.

## VI.    "BILLING JUDGMENT":

Counsel's efforts in this case were both extensive with regard to the amount of time expended and intensive with regard to the problems encountered during the representation of the debtor's interests regarding preservation of his assets and preserving the possibility for the restructuring of secured obligations, and the formulation of a plan of reorganization by which creditors might receive a distribution.  All of the debtor's assets are encumbered and substantial services have been rendered and expenses incurred.  As discussed above with respect to the contingencies affecting counsel's compensation, where the debtor's budget at the outset of the case demonstrated that expenses significantly exceeded income, in the absence of successful negotiation, counsel was aware that his compensation was tenuous. Counsel recognizes that some of the services he rendered might have been rendered by his paralegal at a lesser hourly cost to the estate.  Counsel is also cognizant of the circumstances of this case and the financial circumstances of the debtor.  Counsel is not charging the debtor nor his estate for the time expended in the preparation of this application nor in the review and categorization of the services rendered in the amount of $1,125.00.  In consideration of these factors as well as the inherent inefficiencies of the representative process, counsel in the exercise of reasonable business judgment has reduced by $1,995.00 the requested amount of compensation reflected in the attached time records.

## VII.  TOTAL NET COMPENSATION SOUGHT:        $19,500.00

| | |
|---|---|
| Initial Lodestar: | $30,995.00 |
| Retainers received: | -  $ 9,500.00 |
| Subtotal: | $21,495.00 |

      Billing judgment reduction:       - $ 1,995.00
      Net Compensation requested:      $19,500.00

**VIII. REIMBURSEMENT OF EXPENSES SOUGHT:** $    58.92

Your applicant has incurred the sum of $58.92 as costs and expenses in this proceeding which were directly related to the services rendered as described above consisting of the following:

| | |
|---|---:|
| Facsimile charges: | $17.50 |
| PACER charges: | 1.50 |
| Postage charges: | 12.42 |
| Photocopying charges: | 27.00 |
| Total Expenses: | $58.92 |

      A full description of the expenses incurred is provided in Exhibit "A" attached hereto. The photocopying charges are shown both on a separate accounting for this expense along with the date that the expense was incurred and also shown on the time records attached which identify the attorney or paralegal activity that resulted in this expense. These photocopying charges were assessed at $0.20 per page or if performed by an outside photocopying service then charged at the actual cost incurred.

      The debtor has received this application for compensation and reimbursement of expenses and the time records which support it. The applicant certifies that he is familiar with, and has submitted this application in conformity with, the `Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland.'

      WHEREFORE, your applicant, Marc R. Kivitz, counsel for the debtor, Bruce L. Pitt, respectfully requests that this Honorable Court:

      1. Enter an Order approving total compensation for professional services in the lodestar amount of $30,995.00 and the voluntarily reduced sum of $29.000.00 for the period from January 18, 2016, through August 26, 2016;

      2. Enter an Order approving the disbursement and payment for the reimbursement of actual and necessary expenses incurred in the amount of $58.92 for the period from January 18, 2016, through August 26, 2016; and

      3. Enter an Order permitting Marc R. Kivitz to draw upon and disburse the funds in his attorney escrow account in the amount of $9,500.00, and to apply said funds to the payment of the approved amount of compensation and reimbursement of expenses;

      4. Authorize and direct the debtor to disburse to Marc R. Kivitz, Esquire, the unpaid approved voluntarily-reduced compensation of $19,500.00 and reimbursement of expenses in the sum of $58.92, totaling $19,558.92 for the period from January 18, 2016, through August 26, 2016; and

      5. Award to Marc R. Kivitz such other and further relief as is just and proper.

/s/ Marc R. Kivitz
Marc R. Kivitz
Trial Bar No. 02878
Suite 1330
201 North Charles Street
Baltimore, MD 21201
(410) 625-2300
Facsimile: (410) 576-0140
Email: mkivitz@aol.com
Attorney for the debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2016, a copy of the foregoing application was served electronically or by first class mail, postage prepaid, to

| | |
|---|---|
| Catherine Stavlas, Esquire | Diane S. Rosenberg, Esquire |
| Assistant U. S. Trustee | Rosenberg & Associates, LLC |
| 6305 Ivy Lane, Suite 600 | 4340 East West Highway, Suite 600 |
| Greenbelt, MD 20770 | Bethesda, MD 20814 |
| | |
| Safa Ashrafi, Esquire | Ramesh Singh |
| BWW Law Group, LLC | c/o Recovery Management Systems Corp. |
| 6003 Executive Blvd. | 25 SE 2nd Avenue |
| Suite 101 | Suite 1120 |
| Rockville, MD 20852 | Miami, FL 33131-1605 |

Mr. Bruce L. Pitt
3945 Island Landing
Broomes Island Court, MD 20615

/s/ Marc R. Kivitz
Marc R. Kivitz

pitt:afac11

10